United States District Court
Southern District of Texas
**ENTERED**
September 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSALBA YUMEN REYNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-026 |
| | § | |
| ANTONY BLINKEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER AND OPINION</u>

In 2022 in a separate lawsuit, the Court found that Plaintiff Rosalba Yumen Reyna had not proven by a preponderance of the evidence that she had been born in the Unites States. Now, after allegedly finding new evidence relevant to where she was born, she brings this lawsuit to relitigate the same issue.

Defendant Antony Blinken in his official capacity of Secretary of State of the United States ("United States") requests that the Court apply *res judicata* and collateral estoppel to dismiss Reyna's claims. (Mot., Doc. 15) For the following reasons, the Court agrees that those doctrines preclude Reyna's lawsuit.

## I.    Factual Background and Procedural History

### A.  *Reyna I*

In June 2020, Reyna filed an action under 8 U.S.C. § 1503, seeking a declaratory judgment that she is a United States citizen because she was born in the country. In July 2022, following a bench trial, this Court ruled that Reyna had "not demonstrated by a preponderance of the evidence that she was born in the United States." *Reyna v. Blinken* (*Reyna I*), No. 1:20-CV-089, 2022 WL 2829527, at *1 (S.D. Tex. July 20, 2022). The Court came to this conclusion based on the testimony of Reyna's mother and numerous admitted exhibits that included two Mexican birth records indicating that Reyna had been born in Mexico, a Texas birth certificate for Reyna, and a

sworn affidavit from the midwife, Rosalinda Esquivel, stating that she fraudulently filed the Texas birth certificate. *Id.* at *5.

Reyna did not appeal the Court's ruling.[1]

**B.  *Reyna II***

In March 2024, Reyna filed her current Complaint, again seeking declaratory relief under 8 U.S.C. § 1503. (Compl., Doc. 1)  She alleges again that she was born in south Texas and, as a result, enjoys United States citizenship.

Reyna alleges that before the 2022 trial in *Reyna I*, she could not locate Esquivel because she (Esquivel) had been undergoing cancer treatment in San Antonio without informing Reyna's counsel. (Resp., Doc. 31, 9)  After the trial, Reyna apparently continued searching for Esquivel, locating her in July 2023. (Compl., Doc. 1, 4)

Having established communications with Esquivel, Reyna applied again to the Department of State for a United States passport, submitting a statement from Esquivel attesting that she had attended Reyna's birth in Texas.  In February 2024, the Department of State once more denied the passport application. (*Id.* at 5)

Based on the new evidence, Reyna filed this lawsuit, requesting that the Court issue "a Declaratory Judgment declaring [Reyna] to be a U.S. citizen" and enjoin the United States from not issuing her a passport. (*Id.* at 6)

The United States moves under Federal Rule of Civil Procedure 12(b)(6) to have this action dismissed based on the application of *res judicata* and collateral estoppel. (Mot., Doc. 15, 5)

## II.  Standard of Review

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R.

---

[1] As the United States describes in its Motion, it appears that Reyna could have presented a timely motion under Federal Rule of Civil Procedure 60(b) to seek relief from the Final Judgment in *Reyna I*.  Reyna explains in her Response why she chose not to do so. (Resp., Doc. 31, 9)  In any event, it is undisputed that she presented no such motion.

CIV. P. 12(b)(6).  A plaintiff satisfies the facial plausibility standard by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The allegations in the complaint are not required to be thoroughly detailed, but must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  The court considers only the allegations in the complaint and must accept them as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  If the allegations are sufficient "to raise a right to relief above the speculative level," the court will not dismiss the cause of action. *Twombly*, 550 U.S. at 555.

Ordinarily, a defendant must plead *res judicata* as an affirmative defense in its answer, and cannot raise the issue through a motion to dismiss. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).  But courts can appropriately dismiss claims under Rule 12(b)(6) if "*res judicata* is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citation omitted); *see also Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014) ("Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of *res judicata* are apparent on the face of the pleadings.").  Thus, in the present matter, the Court considers whether the face of the pleadings render clear that the doctrine of *res judicata* bars Reyna's claim against the United States.

## III.    Analysis

The United States contends that the application of *res judicata* and, in the alternative, collateral estoppel precludes Reyna's lawsuit.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The preclusion doctrine applies when four

elements exist: (1) both suits involve identical parties; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior lawsuit resulted in a final judgment on the merits; and (4) both cases concern the same cause of action. *Nilsen v. City of Moss Point, Miss*., 701 F.2d 556, 559 (5th Cir. 1983) (en banc).   In connection with the fourth element, courts utilize the transactional test, which requires "that the two actions be based on the same 'nucleus of operative facts.'" *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) (quoting *Eubanks v. FDIC*, 977 F.2d 166, 171 (5th Cir. 1992)).   Factors regarding what constitutes the same nucleus of operative facts include "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

In the present lawsuit, the parties do not dispute the first three elements.  Reyna and the United States are identical parties in both lawsuits.  This Court possessed competent jurisdiction when it considered and entered Final Judgment in *Reyna I*, and Reyna did not appeal from that ruling.  The sole remaining issue is whether both cases concern the same cause of action–i.e., are both lawsuits based on the same nucleus of operative facts?

Reyna argues that *Reyna I* and *Reyna II* "arise[] out of a different nucleus of operative facts" because Esquivel's new affidavit "constitute[s] substantial evidence that was not available for the bench trial in *Reyna I*." (Resp., Doc. 31, 7)  However, Reyna provides no authority even suggesting that newly discovered evidence overcomes the application of *res judicata*.  On the contrary, the Fifth Circuit has expressly rejected the argument "that newly discovered evidence precludes the *res judicata* effect of the prior judgment." *Lall v. Bank of New York Mellon as trustee to JPMorgan Chase Bank, N.A.*, 783 F. App'x 375, 379 (5th Cir. 2019); *see also Torres v. Shalala*, 48 F.3d 887, 894 (5th Cir. 1995) ("If simply submitting new evidence rendered a prior

decision factually distinct, *res judicata* would cease to exist, and the application process would continue *ad infinitum*.").

Given that the submission of new evidence–i.e., Esquivel's affidavit–is not material for purposes of *res judicata*, the Court easily concludes that Reyna's current lawsuit stems from the same nucleus of operative fact that led to the 2022 Final Judgment.  Both cases raise the identical central question: Was Reyna born in the United States?  To obtain her requested relief in each case, Reyna would have to prove by a preponderance of the evidence that she was born in the United States.  The facts concerning this question completely overlap in terms of time, space, origin, and motivation.

Reyna attempts to re-frame the issue, arguing that her lawsuits actually concern "whether the DOS officer(s) involved in adjudicating and subsequently denying Ms. Reyna's applications for a U.S. passport, applied the law appropriately, and correctly assessed the evidence submitted in support of Ms. Reyna's applications for same in terms of the evidentiary standard." (Resp., Doc. 31, 2)  She contends that because the Department of State considered different evidence in connection with Reyna's 2023 passport application as compared to the evidence she presented in her previous passport application, the two lawsuits concern distinct issues.  She concludes that in *Reyna I*, the Court found that "Ms. Reyna had not met her burden of proof *for issuance of a U.S. passport*" and that "the DOS officer had not erred with regard to this application in his or her conclusion that Ms. Reyna has not entitled to a U.S. passport". (*Id.* (emphasis in original))

The Court disagrees with this attempted mischaracterization of *Reyna I* and of the issues that *Reyna II* presents.  An action brought under 8 U.S.C. § 1503(a) does not require a federal district court to assess the Department of State's analysis of a passport application.  Rather, Section 1503(a) authorizes a person to seek "a judgment declaring him to be a national of the United States".  When considering whether to issue such a declaration, the federal district court makes a "*de novo* determination of whether a plaintiff is a United States citizen." *Garcia v.*

*Clinton*, 915 F. Supp. 2d 831, 833 (S.D. Tex. 2012), aff'd sub nom. *Garcia v. Kerry*, 557 F. App'x 304 (5th Cir. 2014).  While Section 1503(a) cases often arise after the Department of State has denied an individual's passport application, this fact exists only because Section 1503(a) requires that the person claiming rights as a United States citizen be "denied such right or privilege by any department or independent agency . . . upon the ground that he is not a national of the United States."  But once the denial occurs and the individual files her Section 1503(a) lawsuit, the federal district court makes no analysis of whether the Department of State officer applied the law appropriately, correctly assessed the evidence submitted, or erred in the ultimate determination.  The singular question that the court resolves is whether the plaintiff has established by a preponderance of the evidence that she was born in the United States.

In *Reyna I*, the Court considered this question and concluded that Reyna had not met her burden of proving her birth in south Texas.  She presents the same issue in *Reyna II*, based on the same nucleus of operative facts.  As a result, *res judicata* applies and proves fatal to Reyna's lawsuit.[2]

## IV.    Conclusion

As a result, it is:

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 15) is **GRANTED**; and

**ORDERED** that Plaintiff Rosalba Yumen Reyna's causes of action are **DISMISSED WITH PREJUDICE**.

The Court will issue a Final Judgment in accordance with this Order and Opinion.

---

[2] Even if *res judicata* did not apply, the doctrine of collateral estoppel would also bar Reyna's lawsuit.  But given the straightforward application of *res judicata* and the fact that the doctrine results in a dismissal with prejudice of Reyna's claims, the Court does not detail its analysis based on collateral estoppel.

Signed on September 26, 2024.

_____
Fernando Rodriguez, Jr.
United States District Judge